UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60100
Summary Calendar
C-0595-0018
_____

JOHN M.W. CRUTE,

Petitioner,

versus

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

_____

Petition for Review of an Order of
the Securities and Exchange Commission
_____

January 17, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Appellant John M.W. Crute, Jr. contests the assessment of a censure and modest monetary penalties against him for violation of NASD rules, including the rule prohibiting "free-riding," i.e. purchasing a security in a public offering that rises to an immediate premium at the opening of secondary trading, and two rules concerning his registration at one brokerage firm while maintaining an account at another. Our standard of review is that

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of substantial evidence.  The Commission's findings of fact, if so supported, are "conclusive."  Section 25(a)(4) of the Securities Exchange Act of 1934, 15 U.S.C. § 78y(a)(4); see also Meadows v. SEC, 119 F.3d 1219, 1224 (5th Cir. 1997).  Premised on that narrow standard, we must affirm.

Although Crute disputes some of the facts, and all of the conclusions of the SEC in the course of its decision that he violated NASD rules, this court is not permitted to re-weigh the evidence.  Substantial evidence supports the SEC's determination that Crute engaged in five instances of free-riding transactions while he was "associated with" Capital, a broker-dealer firm. Because Crute remained an associated person of Capital, even while he traveled throughout the United States in a camper-trailer, he was subject to NASD notification requirements, which were also violated.  This court cannot say that we would have arrived at the same conclusions or issued the same (though modest) sanctions against Crute were we the initial decision makers.  The law does not permit us to sit in judgment de novo, however.  Crute's challenge to the jurisdiction of the SEC, raised in his reply brief, is frivolous.

**AFFIRMED**.